UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PHILLIP G. YATES,

                               Petitioner,

                                                    DECISION and ORDER

-vs-

                                                     09-CV-6303-CJS-VEB

SUPERINTENDENT, MID-STATE C.F.,
WILLIAM H. HULIHAN,

                               Respondent.

_____

**Siragusa, J.** Before the Court are United States Magistrate Judge Victor E. Bianchini's Report and Recommendation (Docket No. 27), and Petitioner's Objections to Report and Recommendation of Writ of Habeas Corpus (Docket No. 29) ("Objections"). After a *de novo* review of the matters to which Petitioner has objected, the Court accepts the Report and Recommendation in its entirety.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific" and "written," and submitted "[w]ithin 14 days after being served with a copy" of the report and recommendation. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C).

Where a party submits timely objections to a report and recommendation, as Petitioner has done here, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. 28 U.S.C. § 636(b) (1)(C); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions.").

Turning to Petitioner's Objections, he wrote in one paragraph:

For Clarification [sic], the Magistrate Judge misconstrued petitioner's deposition testimony to The [sic] understanding and cause of this action in the introduction of his report as petitioner had And [sic] would be confronted with such prejudices, but troublesome res judicata and collateral Estoppel [sic] problems would emerge. Id. Dkt. (8), (16), and (20).

(Objections ¶ 2.) The docket numbers Petitioner referenced are No. 8, Respondent's Response to Petition for Writ of Habeas Corpus; No. 16, Petitioner's Reply to Response to Habeas Petition; and No. 20, Petitioner's Sur-Reply.

At the outset, the Court must address Judge Bianchini's decision to strike the Sur-Reply. In that regard, by order dated September 30, 2010 (Docket No. 24), Judge Bianchini granted Respondent's motion to strike Petitioner's Sur-Reply, stating that Petitioner had not requested permission to file a sur-reply and, "[g]iven [Petitioner's] rather prolific and prolix filings, the Court finds that permitting a sur-reply in this case will prove true the prediction of the district court in *Garrison*.[1] Accordingly, respondent's motion to strike petitioner's sur-reply is granted." (Decision and Order, *Yates v. Hulihan*, No. 09-CV-6303 (CJS) (VEB) (W.D.N.Y. Sept. 30, 2010), at 5.) The Court determines that Judge Bianchini properly exercised his discretion to not consider Petitioner's Sur-Reply.

Next, the Court concludes that Petitioner's references to the docket and his conclusory statement, without elaboration or support, that Judge Bianchini misconstrued his "deposition"[2] testimony, does not require reversal of Judge Bianchini's determination

---

[1]*Garrison v. Northeast Georgia Med. Ctr., Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999) ("To allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs.").

[2]The Court presumes that Petitioner is referring to his colloquy with the State judge upon his plea and sentencing, since no separate deposition testimony is included in the Record.

that Petitioner's pleas to the felony driving while intoxicated and aggravated unlicensed operation of a vehicle in the first degree charges were neither improvident, nor taken while Petitioner was suffering from a mental disease or defect that would affect his understanding of the proceedings. In fact, a review of the transcript of Petitioner's April 3, 2007, plea[3] to a superior court information establish that he took medication for diabetes, high blood pressure, cholesterol and depression, nothing was "in any way affecting [his] ability to understand" what was happening at sentencing or his ability to understand his attorney. (Transcript at 4 of 244 (attached to Docket No. 8-2 as Ex. A).) Moreover, Petitioner articulated the factual basis for his plea to aggravated unlicensed operation and driving while intoxicated (Transcript at 2–20 (the document filed with the Court has the pages out of order)). Judge Bianchini concluded, and this Court agrees, that Petitioner's,

> in-court, under-oath statements completely undermine his contention that he suffered from a "mental disease or defect" and therefore lacked sufficient awareness of the relevant circumstances surrounding the guilty plea and the likely consequences of his actions.

(Report & Recommendation at 22.) Further, Judge Bianchini examined the evidence submitted by Petitioner on his motion to vacate the conviction, made in State court, and determined that, "it did not raise a triable issue as to [Petitioner's] mental state so as to warrant an evidentiary hearing on [Petitioner's] competency." (*Id.*)

Petitioner cites to several cases in his Objections. However, none appear to have bearing on the Report and Recommendation. The first is *Dollard v. Allen*, 260 F. Supp. 2d 1127 (D. Wy. 2003), in which the District Court of Wyoming granted the defendant's motion

---

[3]As explained by Respondent's counsel and included in Judge Bianchini's Report and Recommendation, no transcript of Petitioner's March 13, 2007, plea was presented, because the Yates County District Attorney was unable to locate a copy of it. Respondent's Memorandum of Law ("Resp't Mem.") at 2, n.1 (Docket No. 8).

for partial summary judgment concerning claims under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd. In the second case Petitioner cites, *Barragan v. St. Catherine Hospital*, 339 F. Supp. 2d 1141 (D. Kan. 2004), the District Court of Kansas dismissed the medical malpractice action before it for lack of subject matter jurisdiction.

Petitioner writes in the third paragraph of his Objections, "Furthermore, it would not be in the interest of justice and the philosophy of *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), with petitioner['s] inability to Function [sic] or articulate his grievances throughout this litigation." (Objections ¶ 3.) *Haines* was decided under the old standard for a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), as articulated in *Conley v. Gibson*, 355 US. 41 (1957), which was subsequently abrogated by the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Like the previous two cases cited by Petitioner, *Haines* is inapplicable here.

Finally, Petitioner cites to 28 U.S.C. § 1367 and *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). In *Pennhurst*, the Supreme Court held that the Eleventh Amendment restricted a district court from ordering injunctive relief against state officials on the basis of state law. Like the cases cited before it, all without specific argument as to how they apply here, *Pennhurst* is likewise inapplicable.

Finally, the Objections have an attachment, an unsigned report from Johnnie Walker, MA, ABD, concluding that with clinical and social services interventions in place, Petitioner would be successful. Judge Bianchini examined this unsigned report and found that it failed to warrant an evidentiary hearing, since it did not raise a trial issue as to Petitioner's mental state. This Court concurs with this finding, as well as Judge Bianchini's

conclusion that Mr. Walker's report is indicative that Petitioner could function fairly well in society *despite* the medications, chemical dependency and mental health issues. Nothing in that report, and nothing else submitted by Petitioner, leads this Court to conclude that he was suffering from a mental disease or defect that made him unable to understand what he was doing when he plead guilty and was sentenced.

After reviewing Petitioner's Objections and reviewing the portions of the Report and Recommendation to which they apply *de novo*, the Court accepts the Report and Recommendation in whole. Accordingly, and it is hereby

ORDERED, that, pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court determines that no evidentiary hearing is necessary; and it is further

ORDERED, that Petitioner's petition for a writ of habeas corpus (Docket No. 1) is denied; and it is further

ORDERED, that pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court denies the issuance of a certificate of appealability.

IT IS SO ORDERED.

Dated:   May 5, 2011
         Rochester, New York

                         ENTER:

                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge